UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

JOSEPH LOUIS CASTELLANO,             Chapter 7
                                                                        Case No.: 15-71661-ast

                               Debtor.
-----------------------------------------------------------X

**<u>DECISION AND ORDER ON TRUSTEE'S OBJECTION TO DEBTOR'S EXEMPTION</u>**

         Pending before the Court is a motion filed by the chapter 7 trustee (the "Trustee") objecting to Debtor, Joseph Louis Castellano's claim of an exemption in an Individual Retirement Account (the "Exemption Objection"). The objection is premised on Debtor having acted in fraud of his creditors and in bad faith by converting $13,000 of non-exempt cash into an exempt IRA on the eve of filing this bankruptcy case. For the reasons to follow, while Debtor is not to be applauded for his conduct, the Exemption Objection will be denied.

**Jurisdiction**

         This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(2)(A), (B), and (O), and the Standing Order of Reference in effect in the Eastern District of New York dated August 28, 1986, as amended on December 5, 2012, but made effective *nunc pro tunc* as of June 23, 2011.

**Background**

         Debtor filed this chapter 7 case on April 20, 2015. Less than two weeks before seeking bankruptcy protection, as of April 7, Debtor and his spouse co-owned a joint Chase bank account with a balance of $43,908.20. However, before filing his petition, Debtor depleted this account

1

by making several transfers:[1] on April 8, he used $13,000 to augment an IRA in his name and transferred $21,954.59 into an account held solely in his wife's name; then on April 16, Debtor paid $4,585 to his counsel as a retainer for filing the case.  The Trustee, however, only challenges the IRA transfer.

Debtor listed the IRA on his Schedule B in the amount of $30,000, and asserted an exemption for the full amount of the IRA on his Schedule C, pursuant to New York Debtor and Creditor Law ("DCL") § 282(2)(e).  [dkt item 1]  Debtor did not disclose the $13,000 he transferred to his IRA in his Statement of Financial Affairs, nor did he disclose this transfer at his § 341 meeting held on May 27.  In fact, Debtor answered "no" to the Trustee's question of whether he had transferred any assets greater than $500 in the last six years.

On July 21, the Trustee filed a motion for an extension of his time to object to Debtor's discharge.  [dkt item 19]

On August 11, the Court held a hearing on the Trustee's motion, following which the Court approved a stipulation between the Trustee and Debtor extending the Trustee's time to object to Debtor's discharge through October 31, 2015.  [dkt item 22]

The Trustee discovered the eve-of-filing transactions, and questioned Debtor about them at an adjourned § 341 meeting held on September 8.  Debtor explained that the amount withdrawn from his jointly held account and transferred to his wife represented her 1/2 interest in the account, and stated that he supplemented his IRA after conferring with his attorney; he then refused to answer any questions concerning the timing or the motivation concerning the IRA transfer on the basis of attorney client privilege.

---

[1] Debtor challenges whether the transaction at issue here constitutes a transfer. *See* 11 U.S.C. § 101(54). Although it is not material to the outcome of this ruling, the Court rejects that contention and will use the phrase transfers.

The Trustee did not object to Debtor's discharge before the deadline, nor did he seek an additional extension.

**The Exemption Objection**

As his legal basis to deny Debtor's exemption claim, the Trustee asserts that Debtor's pre-petition conduct was in bad faith and constitutes fraud on his creditors undertaken while he was insolvent. He asserts that had Debtor not supplemented his IRA, his creditors would share in the $13,000. The Trustee attaches Debtor's schedule F which is 176 pages long and lists unsecured claims in the total approximate amount of $2,200,000. The Trustee does not, however, assert that the IRA is not actually exempt under New York law, nor does he cite to a specific Code provision as a basis to deny Debtor's exemption claim. [dkt item 23]

Debtor responds with three basic arguments, only one of which merits discussion: first, that moving money from a joint checking account to an IRA is not a transfer under the Bankruptcy Code (*see* footnote 1 above); second, that even if the $13,000 was recovered, it would only generate a *de minimis* distribution (*see* footnote 2 below)[2]; and third, Debtor's pre-bankruptcy planning, even if orchestrated by or with the aid of his counsel, may not be used to deny Debtor's exemption claim under the Supreme Court's decision in *Law v. Siegel*, 134 S. Ct. 1188 (2014). [dkt item 27]

In reply, the Trustee asserts that *Law v. Siegel* is not applicable because there the trustee sought to surcharge a valid exemption, but here the Trustee seeks to disallow an exemption based

---

[2] There is simply no viability to Debtor's argument that because he owes so much money, the Trustee should not bother himself with complying with his statutory obligation to recover assets for the benefit of creditors. *See* 11 U.S.C. § 704(a).

3

on the debtor's bad faith, relying on *In re Woolner*, No. 13-57269-WSD, 2014 Westlaw 7184042 (Bankr. E.D. Mich. Dec. 15, 2014).

**Analysis**

Section 522 of the Bankruptcy Code authorizes debtors to exempt certain property of the estate under federal law pursuant to § 522(d) or under applicable state law, unless applicable state law only authorizes the debtor to claim exemptions under state law. 11 U.S.C. §§ 522(b)(1), (2); 541. In 2011, New York became an opt-in state, which means that Debtor may elect to claim either the federal or the New York exemptions. *In re Rasmussen*, 2011 U.S. Dist. LEXIS 104212, at *3 (E.D.N.Y. Sept. 14, 2011). Here, Debtor asserted an exemption for his IRA under New York law pursuant to DCL § 282(2)(e)[3].

As the objecting party, the Trustee carries the burden of demonstrating that Debtor's exemption was improperly claimed. FED. R. BANKR. P. 4003(b)(3). The Trustee correctly notes that Bankruptcy Rule 4003(b)(2) authorizes him to object to any exemption on the basis that it was fraudulently asserted, and that he may do so up to one year after the case was closed. *See*

---

[3] DCL 282(2) states in relevant part:

> Under section five hundred twenty-two of title eleven of the United States Code, entitled "Bankruptcy", an individual debtor domiciled in this state may exempt from the property of the estate, … (iii) the following property:
>
> 2. Bankruptcy exemption for right to receive benefits. The debtor's right to receive or the debtor's interest in: … (e) all payments under a stock bonus, pension, profit sharing, or similar plan or contract on account of illness, disability, death, age, or length of service unless (i) such plan or contract, except those qualified under section 401, 408 or 408A of the United States Internal Revenue Code of 1986, as amended, was established by the debtor or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose, (ii) such plan is on account of age or length of service, and (iii) such plan or contract does not qualify under section four hundred one (a), four hundred three (a), four hundred three (b), four hundred eight, four hundred eight A, four hundred nine or four hundred fifty-seven of the Internal Revenue Code of nineteen hundred eighty-six, as amended.

N.Y. DEBT & CRED. L. § 282(2)(e).

FED. R. BANKR. P. 4003(b)(2).  However, first, the Trustee is not asserting that the exemption claim itself was fictitious or fraudulently claimed, nor does he reference a specific Code section that prohibits the IRA transfer; he asserts that stuffing the IRA was done in fraud of creditors.  Second, the Trustee does not cite a case other than *Woolner* as standing for the proposition that a debtor's obtaining an exemption by conduct that is generally fraudulent to his creditors is a basis to deny the exemption under Rule 4003(b)(2).  Further, *Woolner* did not involve exemption planning but rather the purposeful undervaluing of an asset:

> As noted, the Trustee's position is that Debtors' undervaluation of assets in claiming the exemptions was "intentional" and "in bad faith." In this Court's view, the thusly asserted basis for the Trustee's objection is substantially synonymous with (and not meaningfully different from) the "fraudulently asserted" language in the Rule. To conclude otherwise would be an unwarranted semantic exercise. As this case has never been closed, this Rule is plainly applicable to this situation and its plain language applies exactly to this case and therefore needs to be dealt with.

*Woolner*, 2014 WL 7184042, at *2.  In so holding, however, Judge Shapero recognized that a number of other courts would not hold as he did.[4]

More recent decisions, including from the Sixth Circuit Court of Appeals, have noted that *Law v. Siegel* prohibits the bankruptcy court from disallowing exemptions or amendments to

---

[4] Judge Shapero stated:

> Debtors have cited a number of cases that have applied the quoted language of *Siegel* to facts that are largely analogous to the facts of this case and have held or implied that Bankruptcy Courts lack the power to disallow exemptions on the grounds of the debtor's fraud or bad faith (though none of those cases have mentioned the indicated Rule or discussed its relevance or impact). *In re Baker*, 514 B.R. 860, 863–64 (E.D. Mich.2014), appeal docketed, 14–2149 (6th Cir. Sept. 5, 2014); *In re Mitchell*, No. 13–14494, 2014 WL 1725819, at *8 (Bankr. N.D. Ohio Apr. 30, 2014); *In re Gutierrez*, No. 12–60444–B–7, 2014 WL 2712503, at *6 (Bankr. E.D. Cal. June 12, 2014); *In re Arellano*, 517 B.R. 228 (Bankr.S.D.Cal.2014); *In re Scotchel*, No. 12–09, 2014 WL 4327947, at *4 (Bankr. N.D.W. Va. Aug. 28, 2014); *In re Gress*, 517 B.R. 543, 547–48 (Bankr. M.D. Pa.2014); *In re Franklin*, 506 B.R. 765, 771–72 (Bankr.C.D.Ill.2014); *In re Pipkins*, No. BR 13–30087DM, 2014 WL 2756552, at *7 (Bankr. N.D. Cal. June 16, 2014); *see also United States v. Ledee*, 772 F.3d 21, 29 n.10 (1st Cir.2014). By reason of the foregoing and with due regard and respect for my judicial colleagues, this Court declines to follow their lead.

*Woolner*, 2014 WL 7184042, at *4.

exemptions due to bad faith or fraud. *Ellman v. Baker (In re Baker)*, 791 F.3d 677, 682 (6th Cir. 2015) ("it is clear that Siegel prohibits the bankruptcy court from disallowing the debtors' claimed exemptions because of their alleged bad faith and fraudulent conduct")[5]. *Ellman* appears to overrule *Woolner* by implication. *See Cooper v. Chilson (In re Chilson)*, No. 1:15-CV-00020-MR, 2016 WL 1079149, at *7 (W.D.N.C. Mar. 18, 2016) (the "*Woolner* analysis clearly remains a minority view."); *Taylor v. Caillaud*, No. 3:15-CV-00206-CGM, 2015 U.S. Dist. LEXIS 160984, at *11-12 (W.D.N.C. Dec. 1, 2015).

### *Law v. Siegel requires this Court deny the Exemption Objection*

As mentioned above, Debtor invokes *Law v. Siegel* as a basis for denying the Exemption Objection; the Trustee asserts that the decision is distinguishable. While *Law v. Siegel* arises from different conduct, it is dispositive for this case.

*Law v. Seigel* is, at its core, a case of statutory construction; despite that debtor's fraudulent conduct in attempting to insulate his California state law homestead exemption,[6] the chapter 7 trustee could not collect his attorneys' fees incurred in unearthing the debtor's fraud as a sanction surcharged against the debtor's exemption, as doing so contravened a specific provision of the Bankruptcy Code[7]. While this specific holding was limited to the construction

---

[5] It should be noted that *Baker* specifically involved the debtors' request to amend an exemption claim in a reopened case where they had "failed to disclose in their bankruptcy schedules their interest in a cause of action until years after the close of the bankruptcy case." After rejecting the trustee's objection on *Law v. Seigel* grounds, the Sixth Circuit noted, "We agree with the district court's conclusion that the trustee waived his Rule 1009(a) argument by failing to timely raise it in his objection. Importantly, the trustee conceded at the hearing that he never argued in his objection that Rule 1009 barred the debtors from amending their exemptions." *Baker*, 791 F.3d at 679, 683. Rule 1009(a) provides that "[a] voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed." FED. R. BANKR. P. 1009(a).

[6] *See Cal. Civ. Proc. Code Ann*. §704.730(a)(1) (West Supp. 2014).

[7] The Supreme Court stated:

> Section 522 (by reference to California law) entitled Law to exempt $75,000 of equity in his home from the bankruptcy estate, § 522(b)(3)(A). And it made that $75,000 "not liable for payment of any administrative expense." § 522(k). The reasonable attorney's fees Siegel incurred defeating the

to be given to § 522(k), the Supreme Court gave direct guidance on the inability of bankruptcy courts to use their § 105 powers to remedy debtor fraud:

> But even assuming the Bankruptcy Court could have revisited Law's entitlement to the exemption, § 522 does not give courts discretion to grant or withhold exemptions based on whatever considerations they deem appropriate. Rather, the statute exhaustively specifies the criteria that will render property exempt. *See* §522(b), (d). Siegel insists that because § 522(b) says that the debtor "may exempt" certain property, rather than that he "shall be entitled" to do so, the court retains discretion to grant or deny exemptions even when the statutory criteria are met. But the subject of "may exempt" in § 522(b) is the debtor, not the court, so it is the debtor in whom the statute vests discretion. A debtor need not invoke an exemption to which the statute entitles him; but if he does, the court may not refuse to honor the exemption absent a valid statutory basis for doing so.

*Id.* at 1196.

The High Court further noted that § 522 establishes a number of limitations on a debtor's ability to exempt property based upon a debtor's pre-petition conduct. For example, a debtor's homestead exemption may be reduced under § 522(o) to the extent the debtor converted non-exempt assets into exempt equity with the "intent to hinder, delay, or defraud a creditor". *Id.* (citing to 11 U.S.C. § 522(o)). Moreover, a debtor's homestead exemption may be capped under § 522(q) in the event the debtor had been previously convicted of a felony for abusing the provisions of the Bankruptcy Code, or for a violation of federal or state securities laws. *Id.* (citing to 11 U.S.C. § 522(q)). While Section 522 also contains a limitation on how much of an exemption a debtor may claim in certain property based on improving his or her position in that exempt asset during the 1215-day period preceding filing for bankruptcy[8], the statute does not

---

> [fraudulent] lien were indubitably an administrative expense, as a short march through a few statutory cross-references makes plain.

*Siegel*, 134 S. Ct. at 1195.

[8] *See* 11 U.S.C. § 522(p)(1):
> (1) Except as provided in paragraph (2) of this subsection and sections 544 and 548, as a result of electing under subsection (b)(3)(A) to exempt property under State or local law, a debtor may not

contain any similar limitation on a debtor's ability to exempt assets held in an individual retirement account.

Indeed, the Supreme Court went on to address disallowing an exemption based on the debtor's fraudulent concealment of the asset alleged to be exempt, and rejected the notion of a "general, equitable power in bankruptcy courts to deny exemptions based on a debtor's bad-faith conduct." The Supreme Court stated:

> the Bankruptcy Code admits no such power. It is of course true that when a debtor claims a *state-created* exemption, the exemption's scope is determined by state law, which may provide that certain types of debtor misconduct warrant denial of the exemption…. But federal law provides no authority for bankruptcy courts to deny an exemption on a ground not specified in the Code.

*Id.* at 1196-97.

Finally, the High Court was of course mindful that debtors may need to be punished for their wrongful actions, but emphasized that a debtor's misconduct or fraud should be dealt with through various other specific Code provisions that directly address those circumstances.[9]

---

    exempt any amount of interest that was acquired by the debtor during the 1215-day period preceding the date of the filing of the petition that exceeds in the aggregate $125,000 in value in—
    (A) real or personal property that the debtor or a dependent of the debtor uses as a residence;
    (B) a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence;
    (C) a burial plot for the debtor or a dependent of the debtor; or
    (D) real or personal property that the debtor or dependent of the debtor claims as a homestead.

[9] The Court noted:
  Our decision today does not denude bankruptcy courts of the essential "authority to respond to debtor misconduct with meaningful sanctions" .… There is ample authority to deny the dishonest debtor a discharge. See §727(a)(2)–(6)…. Fraudulent conduct in a bankruptcy case may also subject a debtor to criminal prosecution under 18 U. S. C. §152, which carries a maximum penalty of five years' imprisonment.

But whatever other sanctions a bankruptcy court may impose on a dishonest debtor, it may not contravene express provisions of the Bankruptcy Code by ordering that the debtor's exempt property be used to pay debts and expenses for which that property is not liable under the Code.

*Siegel*, 134 S. Ct. at 1198.

Recently, the bankruptcy court for the Central District of Illinois in *In re Coyle* considered a strikingly similar scenario to the one present here. 2016 WL 828459 (Bankr. C.D. Ill. Mar. 2, 2016). There, certain creditors objected to the debtor's state law exemption claim in an IRA based upon her alleged fraud, bad faith and conversion; the creditors asserted, among other things, that the debtor had impermissibly contributed non-exempt funds into to her IRA in contemplation of her bankruptcy filing. Unlike this Debtor, the debtor in *Coyle* had previously had her discharge denied, but not for misconduct concerning her IRA contributions. The bankruptcy court determined that *Law v. Siegel* prohibited disallowing the debtor's exemption absent specific statutory authority to do so. Then, after reviewing the applicable state law exemption statute, the court concluded that the movants had failed to articulate a state law basis to deny the exemption.

Here, Debtor asserted an exemption under DCL § 282(2)(e) for his IRA. The Trustee has failed to reference a specific Code section that could serve as a basis to disallow Debtor's exemption. The Trustee has not demonstrated or even alleged that the IRA is not exempt under New York law, either by its existence or in its amount. Thus, there is no viable basis for the IRA to be disallowed under the Code or applicable non-bankruptcy exemption law. Whether Debtor's conduct may have been a basis to deny his discharge is not before this Court, as no Section 727 action was brought. Whether Debtor made impermissible transfers to his spouse or his attorney is also not before this Court.

Thus, the Trustee's objection to the IRA exemption, the only matter *sub judice*, should be overruled.

**Conclusion**

For the foregoing reasons, it is hereby

**ORDERED**, that the Exemption Objection is denied.



Dated: April 25, 2016
       Central Islip, New York

**Alan S. Trust**
**United States Bankruptcy Judge**